JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant the Ohio Veterinary Medical Licensing Board ("the Board") and defendants-appellants Lisa Hart ("Hart") and the Emergency Pet Clinic ("the EPC") appeal from the decision of the Cuyahoga County Court of Common Pleas which awarded summary judgment to defendant-appellee Richard F. Kracer ("Kracer"). For the following reasons, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On May 16, 2003, the Board filed this action against Kracer, Hart, and the EPC, seeking a temporary and permanent injunction enjoining them from operating a veterinary clinic located in Bedford Heights, Ohio. The Board alleged that Kracer and Hart, each 50% shareholders in the EPC, were operating in violation of R.C. 4741.28, which prohibits non-licensed veterinarians from being shareholders in a veterinary practice. Specifically, the Board alleged that Kracer's license to practice veterinary medicine had expired in March 1994. Shortly after receiving the Board's complaint, Kracer transferred his shares in the EPC to a revocable trust of which he is the sole beneficiary. The trustee was Eugene Novy, a licensed veterinarian.
 {¶ 3} On August 28, 2003, Kracer moved for summary judgment arguing that the Board could no longer maintain a cause of action because he transferred his shares of stock to a licensed veterinarian.[1] The Board filed a brief in opposition alleging that Kracer's stock transfer was only done to circumvent R.C. 4741.28. The Board further asserted that Kracer remained the true owner of the EPC stock and retained his 50% control of the EPC.
 {¶ 4} On July 29, 2004, the trial court granted Kracer's motion for summary judgment, concluding that the Board's complaint was "moot as the corporate shares in issue are no longer owned by Defendant Kracer." The court then noted that "If Defendant Kracer does again take ownership of the shares in question, arguably the Attorney General would have a viable complaint under ORC 4741.28. Until that time, however, the allegations plead in the Complaint are not ripe for determination by this Court." It is from this decision that the Board, Hart, and the EPC now appeal.
 {¶ 5} Although the parties raise a combined total of five assignments of error, we find that a discussion of the Board's second assignment of error and Hart's third assignment of error are dispositive of the issues in this appeal.
 {¶ 6} The Board's second assignment of error states:
 {¶ 7} "II. The trial court erred when it held that the issues in this case are moot."
 {¶ 8} Hart's third assignment of error states:
 {¶ 9} "III. The trial court erred in ruling that the defendant/appellee Kracer's revocable trust is legal, when in fact it is contrary to public policy and the laws of the State of Ohio."
 {¶ 10} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 11} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 12} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 13} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Kracer's favor was appropriate.
 {¶ 14} Here, the trial court never ruled on whether, at the time of the complaint, Kracer and the EPC were operating in violation of R.C.4741.28. Rather, the trial court granted summary judgment on the sole basis that Kracer's transfer of his shares to a licensed veterinarian rendered the issue moot. For the reasons that follow, we find that the trial court erred in granting summary judgment because genuine issues of material fact exist with regard to the validity of the trust.
 {¶ 15} This Court has previously held that it may become necessary to allow shareholders who are not licensed to have their stock held in trust by licensed individuals and the corporations managed by those licensed individuals. See A-1 Nursing Care of Cleveland, Inc. v. FlorenceNightingale Nursing, Inc. et al. (1994), 97 Ohio App.3d 623, 628. Although that case dealt with a nursing license, we find the reasoning therein to be applicable to this case. Here, Kracer transferred his shares in the EPC to Eugene Novy, a licensed veterinarian. Although the stock transfer was done only three days after the Board filed its motion for summary judgment, we find this to be Kracer's attempt to comply with R.C. 4741.28, rather than an attempt to circumvent it as suggested by the Board. As such, we find that the trust established by Kracer is not invalid on these grounds.
 {¶ 16} This Court has also held that a non-licensed shareholder does not forfeit the entire value of his or her interest in a professional association which requires licensed shareholders unless the statute explicitly provides for forfeiture. See Lehtinen v. Mervant, et al.
(Dec. 13, 2001), Cuyahoga App. No. 79164. Here, we do not find such a clause in R.C. Chapter 4741. Accordingly, we do not agree with Hart's contention that Kracer could not transfer his shares in the EPC because he forfeited his shares and no longer had legal title to them. As such, we find that the trust established by Kracer is not invalid on these grounds.
 {¶ 17} However, there are genuine issues of material fact regarding whether or not Kracer had the ability to transfer his shares to Eugene Novy pursuant to the terms of the EPC's Articles of Incorporation. Specifically, Article 11 of the Articles of Incorporation states that the transfer of stock is void unless a "two thirds majority of shareholders" agree and approve the transfer. Hart claims that she is a 50% owner of the stocks and did not consent to Kracer's transfer. Kracer claims that he did not need Hart's consent to transfer his shares because she does not own any shares in the EPC because she did not comply with the terms of the original Purchase Agreement in 1997. Kracer claims that he obtained consent from a two-thirds majority of the original and actual shareholders of the EPC. Under these circumstances, summary judgment on the issue of the validity of the trust was not appropriate.
 {¶ 18} Accordingly, we remand this case to the trial court for further proceedings consistent with this opinion.
 {¶ 19} Judgment reversed and remanded.
It is ordered that appellants recover of appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Gallagher, J., CONCUR.
[1] On July 30, 2003, the Board filed its own motion for summary judgment.